# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**DANTZLER, INC.,**

    Plaintiff,

v.

**HUBERT MOORE LUMBER COMPANY, INC., WILBUR STANLEY MOORE, individually and as guarantor, NORMA MOORE GASKINS, individually and as guarantor, JOAN MOORE DRAWDY, individually and as guarantor, and DUPONT PINE PRODUCTS, LLC,**

    Defendants.

Civil Action No. 7:13-CV-56 (HL)

## ORDER

This case is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 18). A preliminary injunction hearing was held on June 4, 2013.[1] After hearing evidence and argument, the Court denied the motion from the bench. This written order memorializes that ruling.

Plaintiff's motion for injunctive relief was filed in this Court on May 24, 2013. Plaintiff initially requested a preliminary injunction pursuant to Federal Rule

---

[1] While the motion also requested a temporary restraining order, the June 4 hearing was intended to be a preliminary injunction hearing, and counsel for Plaintiff stated at the hearing that Plaintiff was at that time requesting a preliminary injunction. The Court will only refer to the preliminary injunction request in this Order. For all intents and purposes the temporary restraining order request is moot.

of Civil Procedure 65 enjoining Defendant Hubert Moore Lumber Company ("HMLC"), Defendants Stanley Moore, Norma Moore Gaskins, and Joan Moore Drawdy, and Defendant DuPont Pine Products from closing on the purchasing agreement, transferring the tangible or intangible assets of the HMLC sawmill, or otherwise encumbering those assets, until a trial on the merits is held. However, during a telephone conference on May 30, 2013, counsel for Defendants informed the Court and Plaintiff that the HMLC sawmill and associated assets were sold to Defendant DuPont Pine Products in March of 2013. A warranty deed and bill of sale reflecting the transfer are in the record.[2] In light of the sale, the nature of Plaintiff's injunctive relief request necessarily shifted. In Plaintiff's pre-hearing brief, and when questioned by the Court at the hearing, Plaintiff's counsel stated that Plaintiff was now seeking preliminary injunctive relief in the form of a mandatory injunction that would unwind the March sale and restore the status quo as it existed before the lease agreement was entered into between HMLC and DuPont Pine Products in November of 2012. Accordingly, Plaintiff's request must be considered by the Court with greater scrutiny because the burden for a movant requesting a mandatory injunction is higher than for a movant requesting a standard preliminary injunction.

---

[2] The fact the sawmill has already been sold to a third party distinguishes this case from Mercedes-Benz USA, LLC v. Star Automobile Co., No. 3:11-CV-73 (CAR), 2011 WL 2175037, at *1 (M.D. Ga. June 3, 2011), an unreported case decided by another judge in this district.

A mandatory injunction requires a defendant to do some positive act, as opposed to a standard preliminary injunction where a defendant is ordered to stop doing something or not to do something. While mandatory injunctions are available under Rule 65, they are rarely issued and are generally not favored in the Eleventh Circuit. "Mandatory injunctions are to be sparingly issued and [only] upon a strong showing of necessity and upon equitable grounds which are clearly apparent." Fox v. City of W. Palm Beach, 383 F.2d 189, 194 (5th Cir. 1967).[3] "A mandatory injunction . . . especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party." Miami Beach Fed. Sav. & Loan Ass'n v. Callander, 256 F.2d 410, 415 (5th Cir. 1958). With these edicts in mind, the Court will now turn to the test for preliminary injunctive relief.

The issuance of a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden on each of [four] prerequisites. Bloedorn v. Grube, 631 F.3d 1218, 1229 (11th Cir. 2011) (citations omitted). Plaintiff has the burden of persuasion for each of the four factors, and failure to establish any of the four factors is fatal to a request for a preliminary injunction. Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

County Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009). The four prerequisites are: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-28 (11th Cir. 2005).

As stated at the hearing, the Court finds that Plaintiff has not satisfied any of the prongs of the preliminary injunction test. First, the evidence presented did not demonstrate a substantial likelihood of success for Plaintiff on the merits of its claims. Of course, that is not to say that Plaintiff will not ultimately be successful in the case, but at this point the Court cannot find that Plaintiff has shown a substantial likelihood of success. Second, the evidence presented did not support the proposition that irreparable injury would be suffered if the requested relief was not granted. Instead, it appears at this time that Plaintiff can be made whole through monetary damages. In other words, Plaintiff has an adequate remedy at law, which means there is no reason for the Court's equitable powers to come into play. Again, this may change as Plaintiff has requested permanent injunctive relief, but at this stage equitable relief is not appropriate.[4] Third, the evidence was incomplete on the issue of whether the

---

[4] The Court also considers delay in assessing irreparable harm. M&G Elecs. Sales Corp. v. Sony Kabushiki Kaisha, 250 F.Supp.2d 91, 105 (E.D.N.Y. 2003) (quoting Tom

threatened injury outweighs the harm the relief would inflict on the Defendants. Finally, there was little or no evidence as to whether the entry of the relief would serve the public interest, and counsel's argument on the point was not persuasive. Because Plaintiff cannot meet all four prongs of the preliminary injunction test, its request for such relief must be denied.

A plaintiff seeking a mandatory injunction has a particularly heavy burden of persuasion. Plaintiff in this case has not met that high burden. Therefore, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 18) is denied.

**SO ORDERED**, this the 5th day of June, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

Doherty Assoc., Inc. v. Saban Entm't, Inc., 80 F.3d 27, 39 (2d Cir. 1995)). The timeline of events in this case raises questions as to whether there truly was a sense of urgency on the part of Plaintiff to protect itself from irreparable harm. Plaintiff filed a lawsuit in Florida in November of 2012 and approximately one week later filed a motion for injunctive relief. The hearing on that motion was put off for three months, and when it was supposed to take place, Plaintiff voluntarily agreed to dismiss its motion for injunctive relief. Plaintiff then waited over a month to file its lawsuit in this Court, even after being notified in writing a month earlier that the sawmill had been conveyed to DuPont Pine Products. (And as an aside, there is nothing "obtuse" about the March 21 letter in the Court's opinion.) Plaintiff then waited yet another month to file its motion for injunctive relief. For harm to be irreparable, it has to be "actual and imminent." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted). When the entirety of Plaintiff's actions is considered, it indicates an absence of actual and imminent harm.