**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **DANTZLER, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**HUBERT MOORE LUMBER COMPANY, INC., WILBUR STANLEY MOORE, individually and as guarantor, NORMA MOORE GASKINS, individually and as guarantor, JOAN MOORE DRAWDY, individually and as guarantor, and DUPONT PINE PRODUCTS, LLC,**<br><br>    Defendants. | Civil Action No. 7:13-CV-56 (HL) |

**ORDER**

This case is before the Court on Counter-Defendant Dantzler, Inc.'s Motion to Dismiss Counter-Plaintiff DuPont Pine's Amended Counterclaims (Doc. 37). For the reasons discussed below, the motion is granted.

**I.   MOTION TO DISMISS STANDARD**

Dantzler moves for dismissal of DuPont Pine's counterclaims under Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) encompasses both challenges based on the Court's lack of federal subject matter jurisdiction and challenges based on lack of standing. Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a

dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).") In this case, Dantzler's challenge is based on lack of standing. A Rule 12(b)(1) standing challenge can be either factual or facial. <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." <u>Stalley</u>, 524 F.3d at 1232-33 (internal quotations and citation omitted). A factual attack, however, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." <u>Id.</u> at 1233 (citation omitted). Dantzler has not introduced any material extrinsic from the pleadings, and therefore the Court finds that Dantzler has made a facial challenge to standing. Because this is a facial attack, the Court must afford DuPont Pine the benefit of "safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true." <u>Lawrence</u>, 919 F.2d at 1529 (citations omitted).

As noted above, Dantzler also moves to dismiss DuPont Pine's counterclaims pursuant to Rule 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678,

129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.

On a motion to dismiss, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, the same does not apply to legal conclusions contained in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. In addition, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965.

## II.   DISCUSSION

DuPont Pine has alleged two counterclaims against Dantzler. They are: (1) a request for a declaratory judgment; and (2) a request for costs and attorney's

fees under Georgia law for bad faith and vexatious, wanton, and oppressive litigation. Dantzler seeks dismissal of both counterclaims.

### A.     Count One - Declaratory Judgment

In Count One of its counterclaims, DuPont Pine seeks a declaration from the Court that (1) the October 23, 2012 Security Agreement was lawfully terminated or cancelled prior to this case being filed; (2) any right of first refusal did not survive the termination or cancellation; and (3) any right to notice of shareholder meetings did not survive the termination. Dantzler argues that Count One should be dismissed because DuPont Pine does not have standing to assert the claim.

"[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claim." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quoting Dillard v. Baldwin County Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000)). A claim cannot proceed in federal court if the plaintiff does not have standing. Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58, 70 L.Ed.2d 700 (1982). To establish standing, a plaintiff must show: (1) that he suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct.

2130, 2136, 119 L.Ed.2d 351 (1992). The Court agrees with Dantzler that DuPont Pine does not have standing because it cannot show an injury arising out of the Security Agreement.

Under Florida law, only parties to a contract and third-party beneficiaries of a contract have standing to sue under the contract.[1] Sun Commodities, Inc. v. C.H. Robinson Worldwide, Inc., No. 11-62738-CIV, 2012 WL 602616, at *2 (S.D. Fla. Feb. 23, 2012) ("Under Florida law, a plaintiff who is neither a party to nor a third-party beneficiary of a contract may not sue for breach of that contract, even if the plaintiff receives some incidental or consequential benefit from the contract.") DuPont Pine was neither a party to the Security Agreement nor a third-party beneficiary. "Since [DuPont Pine] is not a party to the contract, . . . it cannot have a sufficient stake or cognizable interest which would be affected by the outcome." Serefex Corp. v. Hickman Holdings, LP, 695 F.Supp. 1331, 1344 (M.D. Fla. 2010). Therefore, DuPont Pine cannot raise any challenge relating to the Security Agreement. See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 981 (11th Cir. 2005) (holding that a plaintiff lacked standing to challenge contract where he was not a party to nor an intended beneficiary of the contract); Sun Commodities, Inc., 2012 WL 602616, at *2-3 (non-party to contract did not have standing to seek a declaratory judgment as to the enforceability of the contract);

---

[1] The Security Agreement is governed by Florida law.

<u>Trilogy Props. LLC v. SB Hotel Assocs. LLC</u>, No. 09-21406-CIV, 2010 WL 7411912, at * 4 (S.D. Fla. Dec. 23, 2010) (plaintiffs' claim for declaratory relief failed because they were not third-party beneficiaries to the contract).

Because DuPont Pine does not have standing with respect to the Security Agreement, Dantzler's Motion to Dismiss as to Count One is granted. But before moving on to Count Two, the Court feels compelled to make one observation. Dantzler's entire argument as to why Count One should be dismissed was based on standing, or DuPont Pine's lack thereof. DuPont Pine presents absolutely no argument in opposition to Dantzler's standing argument. In fact, as far as the Court can tell, the word "standing" does not appear even once in DuPont Pine's response brief. DuPont Pine's failure to address Dantzler's standing argument in effect makes Dantzler's motion on this point unopposed.

### B.   Count Two - Costs and Attorney's Fees for Bad Faith and Vexatious, Wanton, and Oppressive Litigation

Count Two of DuPont Pine's counterclaims is a request for statutory attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11. That statute authorizes the recovery of attorney's fees on the basis of bad faith or where the opposing party has been "stubbornly litigious, or has caused the [claimant] unnecessary trouble and expense. . . ." O.C.G.A. § 13-6-11. "When a defendant asserts a claim for relief independent of a claim for litigation expenses incurred in defending against a plaintiff's case-in-chief, defendant may recover

6

litigation expenses incurred in prosecuting such an independent claim in accordance with O.C.G.A. § 13-6-11." Gardner v. Kinney, 230 Ga. App. 771, 772, 498 S.E.2d 312, 313 (1998). However, for a § 13-6-11 claim to survive, the claimant must also have a viable substantive claim for relief. A claim for fees under § 13-6-11 cannot stand on its own. It must have a substantive claim for relief to which it can attach. "A prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim." United Cos. Lending Corp. v. Peacock, 267 Ga. 145, 147(2), 475 S.E.2d 601 (1996). Having granted Dantzler's motion to dismiss DuPont Pine's substantive counterclaim, the Court must also dismiss DuPont Pine's claim for attorney's fees under O.C.G.A. § 13-6-11.

### III. CONCLUSION

Counter-Defendant Dantzler Inc.'s Motion to Dismiss Counter-Plaintiff DuPont Pine's Amended Counterclaims (Doc. 37) is granted.

**SO ORDERED**, this the 24th day of September, 2013.

       *s/ Hugh Lawson*
       **HUGH LAWSON, SENIOR JUDGE**

mbh