IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **DANTZLER, INC.,**<br><br>    Plaintiff,<br><br>v.<br><br>**HUBERT MOORE LUMBER COMPANY, INC., WILBUR STANLEY MOORE, individually and as guarantor, NORMA MOORE GASKINS, individually and as guarantor, JOAN MOORE DRAWDY, individually and as guarantor, and DUPONT PINE PRODUCTS, LLC,**<br><br>    Defendants. | Civil Action No. 7:13-CV-56 (HL) |

**ORDER**

This case is before the Court on Counter-Defendant Dantzler, Inc.'s Motion to Dismiss Counter-Plaintiffs HMLC's and the Shareholders' Amended Counterclaims (Doc. 38). For the reasons discussed below, the motion is granted in part and denied in part.

**I.    MOTION TO DISMISS STANDARD**

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible

where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. Twombly, 550 U.S. at 556; 127 S.Ct. at 1965.

On a motion to dismiss, "all-well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n. 1 (11th Cir. 1999). However, the same does not apply to legal conclusions contained in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; 129 S.Ct. at 1949. In addition, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555; 127 S.Ct. at 1965.

## II. DISCUSSION

Wilbur Stanley Moore, Norma Moore Gaskins, and Joan Moore Drawdy (the "Shareholders") and Hubert Moore Lumber Company, Inc. ("HMLC") have alleged four counterclaims against Dantzler. They are: (1) a request for a declaratory judgment; (2) breach of contract; (3) fraud; and (4) costs and

attorney's fees under Georgia law for bad faith and vexatious, wanton, and oppressive litigation. Dantzler moves for the dismissal of all four counterclaims.

### A. Count One - Declaratory Judgment

In Count One of their counterclaims, the Shareholders and HMLC seek a declaration from the Court that (1) the October 23, 2012 Security Agreement was lawfully terminated or cancelled prior to this case being filed; (2) any right of first refusal did not survive the termination or cancellation; and (3) any right to notice of shareholder meetings did not survive the termination.

The Declaratory Judgment Act, 28 U.S.C. § 2201, states in pertinent part:

> In a case of actual controversy within its jurisdiction, . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The Supreme Court has held that "[t]he Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Pub. Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962). In claims arising under the Declaratory Judgment Act, "a court maintains broad discretion over whether or not to exercise jurisdiction over claims." Knights

Armament Co. v. Optical Sys. Tech., 568 F.Supp.2d 1369, 1374 (M.D. Fla. 2008) (citing MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)). "The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so." MedImmune, Inc., 549 U.S. at 136, 127 S.Ct. at 776 (emphasis in original).

"The declaratory judgment is an all-purpose remedy designed to permit an adjudication whenever the court has jurisdiction, there is an actual case or controversy, and an adjudication would serve a useful purpose." Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278, 1280 (5th Cir. 1971). "To determine whether the declaratory judgment serves a useful purpose, courts should consider 'whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." Medmarc Casualty Ins. Co. v. Pineiro & Byrd PLLC, 783 F.Supp.2d 1214, 1217 (S.D. Fla. 2011) (quoting Gratke v. Andersen Windows, Inc., No. 10-CV-963, 2010 WL 5439763, at *3 (D.Minn. Dec. 8, 2010)).

The Court finds that no useful purpose would be served by allowing the declaratory judgment counterclaims to proceed. In order to resolve Dantzler's breach of contract and declaratory judgment counts contained in its complaint,

the question of whether the Security Agreement was lawfully terminated on February 15, 2013 will have to be resolved.

Further, courts have typically declined to consider counterclaims for declaratory relief that are duplicative of affirmative defenses. *See e.g.,* Penn Mut. Life Ins. Co. v. Berck, No. OKC 09-0578, 2010 WL 3294305, at *3 (D.Md. Aug. 20, 2010) ("This type of double pleading is not the purpose of a declaratory judgment."); Penn Mut. Life Ins. Co. v. Greatbanc Trust Co., No. 09 C 6129, 2010 WL 2928054, at *5 (N.D. Ill. July 21, 2010) ("counterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request for declaratory relief"); Zytax, Inc. v. Green Plains Renewable Energy, Inc., No. H-09-2582, 2010 WL 2219178, at *8 (dismissing declaratory counterclaim duplicative of affirmative defense). The issue of the termination of the Security Agreement has already been raised by the Shareholders and HMLC in their affirmative defenses. (*See* Answer, First and Seventh Defenses, Doc. 14 at 2, 4). Thus, the Court will have to address the matter in the context of the affirmative defenses anyway. If it is determined that the Security Agreement was in fact terminated on February 15, 2013, it would necessarily follow that any rights contained within the Security Agreement (i.e., the right of first refusal and the right to notice of shareholder meetings) would be terminated as well.[1]

---

[1] Of course, a finding that the Security Agreement was not lawfully terminated means that the corresponding obligations are still in effect.

Based on the foregoing, the Court declines to exercise its discretion as to the declaratory judgment counterclaims. Dantzler's Motion to Dismiss Count One of the Shareholders' and HMLC's counterclaims is granted.

### B.     Count Two - Breach of Contract

Prior to delving into the merits of Dantzler's motion on Count Two, the Court must resolve Dantzler's procedural argument that the Shareholders and HMLC impermissibly combined two claims into one count - one breach of contract claim with respect to the 2009 agreement and one breach of contract claim with respect to the 2012 Security Agreement. Federal Rule of Civil Procedure 10(b) requires parties to limit claims "as far as practicable to a single set of circumstances," and to state in a separate count or defense "each claim founded on a separate transaction or occurrence. . . ." But the separation of claims is only required "[i]f doing so would promote clarity," Fed.R.Civ.P. 10(b), and "when necessary to facilitate a clear presentation." 5A FED. PRAC. & PROC. CIV. § 1324 (3d ed.). The Court has no problem differentiating between the two claims, and Dantzler drafted its motion to dismiss without indicating any confusion over the Shareholders' and HMLC's allegations. In any event, the proper remedy for a violation of Rule 10(b) is not a Rule 12(b)(6) motion to dismiss, but instead is a motion for more definite statement under Rule 12(e). "Where, as here, the plaintiff asserts multiple claims for relief, a more definite

statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). The Court will not dismiss Count Two for a purported Rule 10(b) violation.

Dantzler's next argument is that the portion of Count Two relating to the 2009 agreement should be dismissed because it is not in writing, and therefore violates the statute of frauds. To support its position, Dantzler relies on testimony from Hugh Roberts, HMLC's former CFO, from the June 4, 2013 Preliminary Injunction hearing wherein he testified that there was an oral agreement between the parties but it was never reduced to writing.

Even if the Court was to consider Mr. Roberts' testimony that the agreement between the parties was never put in writing, the Court still would not dismiss the counterclaim relating to the 2009 agreement. The Court certainly realizes there are potential problems associated with the counterclaim, but at this stage of the case the Court is not prepared to say that the Shareholders' and HMLC's claim is factually implausible. It is certainly possible that with a more developed record, the Shareholders and HMLC could present facts that would support a theory of part performance or equitable estoppel, both of which would

preclude the application of a statute of frauds defense. The Court is not prepared to completely write off this counterclaim based on one sentence of testimony. Dantzler's motion to dismiss Count Two as relates to the 2009 agreement is denied.

Dantzler also moves for dismissal of Count Two with respect to the 2012 Security Agreement and Revolving Credit Note. The Shareholders and HMLC allege that Dantzler breached the Security Agreement and Revolving Credit Note by refusing to provide advances for raw logs as provided for those documents.[2] The Court finds that the allegations asserted by the Shareholders and HMLC are more than sufficient to state a breach of contract claim. Whether Dantzler in fact "satisfied additional advance requests made after October 23, 2012, and, in fact, continued to satisfy requests for HMLC operational expenses up through November 2, 2012, until Dantzler learned that HMLC had removed Tim Moore as President and would be turning over its operations to DuPont Pine," as alleged in Dantzler's complaint is an issue for a later stage in the litigation that cannot be determined here. This portion of Dantzler's motion to dismiss is denied.

---

[2] Contrary to Dantzler's motion, the Court does not read the counterclaim to include an alleged breach based on Dantzler's failure to include minimum purchasing terms in the Security Agreement and failure to make said mandatory minimum purchases. The only breach alleged based on the Security Agreement is that Dantzler did not fund advances for raw logs. (*See* Countercl. at ¶¶ 192, 195, 198, 217, 219, 220). Thus, the Court will only consider Dantzler's arguments with respect to the fund advance breach.

### C.    Count Three - Fraud

Count Three of the Shareholders' and HMLC's counterclaims alleges fraud. In support of its argument that Count Three should be dismissed, Dantzler relies exclusively on testimony presented at the June 4, 2013 Preliminary Injunction hearing. Thus, the Court must decide whether it should consider that testimony when ruling on the motion.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); *see also* Fed.R.Civ.P. 12(d). At this stage of the proceedings, the Court declines to convert the motion to dismiss to a motion for summary judgment, and accordingly will not consider the testimony from the injunction hearing. As Dantzler's motion as to Count Three is based solely on testimony that will not be considered, the motion must be denied.

### D.    Count Four - Costs and Attorney's Fees for Bad Faith and Vexatious, Wanton, and Oppressive Litigation

Count Four of the Shareholders' and HMLC's counterclaims is a request for statutory attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11. In light of the Court's findings above, Dantzler's request to dismiss this counterclaim is denied. O.C.G.A. § 13-6-11 authorizes the recovery of attorney's fees on the basis of bad faith or where the opposing party has been "stubbornly litigious, or has caused the [claimant] unnecessary trouble and expense. . . ."

"When a defendant asserts a claim for relief independent of a claim for litigation expenses incurred in defending against a plaintiff's case-in-chief, defendant may recover litigation expenses incurred in prosecuting such an independent claim in accordance with O.C.G.A. § 13-6-11." Gardner v. Kinney, 230 Ga. App. 771, 772, 498 S.E.2d 312, 313 (1998). The Shareholders' and HMLC's breach of contract and fraud counterclaims are independent claims of relief, and in the event they prevail on either of these counterclaims, the Shareholders and HMLC may be entitled to fees under § 13-6-11. At this stage of the litigation, the Court cannot rule as a matter of law that the Shareholders or HMLC are not entitled to attorney's fees under this statute.[3]

### III. CONCLUSION

Counter-Defendant Dantzler, Inc.'s Motion to Dismiss Counter-Plaintiffs HMLC's and the Shareholders' Amended Counterclaims (Doc. 38) is granted in part and denied in part. The motion is granted as to Count One but denied as to Counts Two, Three, and Four of the counterclaims.

**SO ORDERED**, this the 25th of September, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[3] The fact the Shareholders and HMLC have pleaded their claims for attorney's fees in a separate count is irrelevant. What matters is that they seek litigation expenses related to causes of action set forth in their other substantive counts.