# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**DANTZLER, INC.**,

    Petitioner,

v.

**JOY WEBSTER, as Chapter 7 Trustee of HUBER MOORE LUMBER COMPANY, INC., et al.**,

    Defendants.

Civil Action No. 7:13-CV-56 (HL)

## ORDER

Before the Court is Defendant Dupont Pine Products, LLC's Motion for Summary Judgment (Doc. 68) and Plaintiff Dantzler, Inc.'s motion (Doc. 73) requesting that the Court either deny Defendant's motion for summary judgment or delay ruling on the motion. Upon consideration, the Court grants Plaintiff's motion and denies Defendant's motion for summary judgment.

This case has a lengthy and complicated procedural history. Plaintiff initiated the action on April 26, 2013. (Doc. 1). The parties prepared, and the Court entered, a Joint Scheduling and Discovery Report on June 28, 2013. (Doc. 31). Then, a few months later, on October 11, 2013, Defendant Hubert Moore Lumber Company, Inc. ("Hubert Moore Lumber Company") filed a Suggestion of Bankruptcy. (Doc. 52). The Court entered an Order staying the case as to Hubert Moore Lumber Company on October 17, 2013 (Doc. 52), and later extended the

stay to include all parties. (Doc. 56). The Bankruptcy Court for the Middle District of Georgia granted relief from the stay on December 17, 2014. The Court thereafter instructed the parties to confer and to submit a status report regarding how the parties collectively wished to proceed. (Doc. 62). The parties complied and informed the Court that an additional period of time was required to complete discovery and prepare the case for trial. (Doc. 63).

All parties involved in this litigation held a Rule 26(f) conference on February 20, 2015. That same date, they filed an Amended Joint Scheduling and Discovery Report. (Doc. 65). In pertinent part, the discovery order provides that initial disclosures will be made by no later than March 6, 2015; the time for discovery shall expire on August 19, 2015; and all dispositive motion shall be filed on or before October 2, 2015.

On March 6, 2015, the same day the parties agreed initial disclosures would be made, Defendant Dupont Pine Products, Inc. filed its Motion for Summary Judgment. (Doc. 68). The Court finds Defendant's motion to be premature. The general rule in this circuit is that a court should not consider a motion for summary judgment "until the party opposing the motion has had an adequate opportunity for discovery." Snook v. Trust Co. of Ga. Bank, N.A., 869 F.2d 865, 870 (11th Cir. 1988). More specifically,

> The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.

Id. When a court is presented with the question of whether a party has had an appropriate amount of time in which to engage in discovery so that the party may adequately respond to a motion for summary judgment, Federal Rule 56(d) provides several remedies. Fed.R.Civ.P. 56(d). The court may (1) delay consideration of the motion or deny it; (2) extend additional time to obtain affidavits or other discovery; or (3) enter an appropriate order. Id.

Considering the history of this case and the posture in which the case currently stands, the Court finds it appropriate to grant Plaintiff's motion and to deny Defendant's pending motion for summary judgment. Once the parties have had the opportunity to engage in meaningful discovery, Defendant may renew its motion should it so choose.

**SO ORDERED**, this the 1st day of April, 2015.

                       _s/ Hugh Lawson_  
                       **HUGH LAWSON, SENIOR JUDGE**

aks